UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ABDULRAHMAN AHMED ALI AL-MARZOOH,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 1:26-cv-08093-KES-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND ORDER PETITIONER'S IMMEDIATE RELEASE

(A Number: A-220-212-139)

(Docs. 1, 8)

**7-Day Objection Period**

**Background**

Petitioner Abdulrahman Ahmed Ali Al-Marzooh ("Petitioner"), a federal immigration detainee, initiated this action on October 2, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the Central Valley Annex, McFarland, California. (Doc. 1).

According to his allegations, Petitioner is a native and citizen of Yemen who entered the United States in May 2021. (Doc. 6). Respondents assert Petitioner unlawfully entered the United States near Eagle Pass, Texas, on May 25, 2021. *See* (Doc. 8-1, Form I-213 ["Record of Deportable/Inadmissible Alien"] at 1-2). That same day, Petitioner was charged by Customs and Borden Protection ("CBP") for failure to comply with reporting requirements, an immigration misdemeanor, convicted, and sentenced on February 18, 2022, to serve ten months' incarceration.

(Doc. 8-2 at 2). Upon his release from custody, on April 1, 2022, Petitioner was granted parole by immigration authorities. *Id.* Following his release on parole, Petitioner regularly filed applications for employment authorization, I-765, and for temporary protected status ("TPS"), I-821. (Doc. 8-1, Form I-213 ["Record of Deportable/Inadmissible Alien"] at 2), which were approved by U.S. Citizenship and Immigration Services.

On May 20, 2026, following his interview with immigration authorities, Petitioner received a negative credible fear determination; however, on July 13, 2026, an immigration judge overturned the negative credible fear finding. (Doc. 8-3 at 1-9).

Petitioner was arrested by immigration authorities during a "targeted enforcement operation" in Newark, New Jersey, on August 26, 2026 (Doc. 8-1 at 1-3, Form I-213) and was issued a Notice to Appear (*id.* at 4-7, Form I-862 ["Notice to Appear"], dated 8/26/2026).

In their response to the petition, Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) pending the outcome of his ongoing removal proceedings and assert that *Rodriguez Vazquez* is not controlling because that case was limited to individuals who entered without inspection. (Doc. 8 at 1) (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026)). Respondents, however, acknowledge that this case fits the "category of cases in which the Court has found that petitioner's previous parole into the United States is more significant than the manner of entry." *Id.*

**Discussion**

Because Petitioner was detained by immigration authorities upon his entrance into the United States in May 2021 and ultimately released from custody on parole in April 2022, Petitioner's rearrest by immigration authorities in August 2026 presents a procedural due process issue. That is because "[t]he regulations that authorize immigration authorities to release a noncitizen pursuant to § 1226 require that the noncitizen 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Alberto R.C. v. Murray*, 817 F. Supp. 3d 917, 922 (E.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Id.*

(citation and quotation omitted).

Here, Respondents do not dispute Petitioner's allegations that he has not missed any immigration appointments since his release on parole, nor that he has sustaining family connections in the United States. Instead, they maintain that his detention is "mandatory" under 8 U.S.C. § 1225(b) and that the Ninth Circuit's ruling to the contrary does not apply because, here, Petitioner was inspected at the border, whereas the petitioners in *Rodriguez Vasquez* were arrested in the interior without having previously been inspected. Respondents are incorrect. Petitioner now is pending regular – not expedited – removal proceedings (*see* Doc. 8-1, Notice to Appear, reflecting removal proceedings pursuant to INA Section 240) and, thus, his detention is discretionary pursuant to § 1226(a).

And respondents raise no other grounds or arguments in support of Petitioner's continuing detention. Importantly, they have not pointed to any facts or circumstances suggesting Petitioner presented an unmitigable risk of flight or danger when he became targeted for immigration enforcement in August 2026. Under the facts and circumstances presented here, this Court repeatedly has held that a noncitizen maintains a protected liberty interest in his release from custody under the Due Process Clause of the Fifth Amendment to the U.S. Constitution. *E.g.*, *Alberto R.C.*, 817 F. Supp. 3d at 922; *Garcia v. Chestnut*, No. 1:25-cv-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Espinoza v. Kaiser*, No. 1:25-cv-01101-JLT-SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025). Further, applying the framework set forth by the U.S. Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976), this Court repeatedly has held that a noncitizen, like Petitioner here, previously released from custody by immigration authorities and re-detained a substantial time later with no showing of materially changed circumstances implicating the noncitizen's risks of danger and/or flight is entitled to a writ of habeas corpus that requires immediate release. *E.g.*, *Alberto R.C.*, 817 F. Supp. 3d at 927-28; *Garcia*, 2025 WL 3771348, at *12; *Espinoza*, 2025 WL 2581185, at *15.

**<u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.

2. Respondents be ORDERED to IMMEDIATELY RELEASE Petitioner and be ENJOINED and RESTRAINED from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.
3. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 2, 2026**

UNITED STATES MAGISTRATE JUDGE